# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 28, 2010

Charles R. Fulbruge III
Clerk

No. 09-60092

ESTATE OF MARY ROPPOLO ARTALL, Deceased,
Jasper Artall, Co-executor, Betty-Jo Artall Vollenweider, Co-executor, and
Ralph Artall, Co-executor,

                                     Petitioner-Appellant,

versus

COMMISSIONER OF INTERNAL REVENUE,

                                     Respondent-Appellee.

Appeal from the United States Tax Court
No. 18899-05

Before JONES, Chief Judge, SMITH and DeMOSS, Circuit Judges.
JERRY E. SMITH, Circuit Judge:

The Commissioner of Internal Revenue ("the IRS") disallowed a "qualified family-owned business interest" estate tax deduction to Mary Artall's estate. Upon petition, the Tax Court found for the IRS. We affirm.

No. 09-60092

I.

A.  The Qualified Family-Owned Business Interest Deduction

This case turns on the interpretation of § 2057 of the Internal Revenue Code, 26 U.S.C. § 2057, which provides an estate tax deduction for certain "qualified family-owned business interests" ("QFOBI's").[1]  As its name suggests, the QFOBI deduction allows an estate to deduct the value of a decedent's interests in a family-owned business (in this case, a family farm) from the value of the decedent's taxable gross estate.  The deduction is limited to $675,000.  For an estate to qualify for it, the total value of the claimed QFOBI's must be greater than 50% of the value of the adjusted gross estate; this is known as the "50% liquidity test."  The test creates an all-or-nothing threshold:  If an estate does not meet the 50% liquidity test, then none of the estate's family business interests qualifies for the QFOBI deduction.

The question is whether, for purposes of § 2057, the word "interest" in "Qualified Family Owned Business Interest" means only an equity and ownership interest, or whether instead "interest" can also mean a debt interest.  Mary Artall's estate and its executors (collectively, "the Artalls") claimed a QFOBI deduction based in part on loans receivable––debt interests––held by the estate against the Artall family farm.  If those loans receivable are counted as QFOBI's, the estate meets the 50% liquidity threshold and benefit from a substantial tax deduction.  If not, the Artalls will not satisfy the 50% liquidity test and owe additional taxes.

---

[1] Congress repealed § 2057 for estates of decedents dying after December 31, 2003.  Section 2057 is scheduled to be reinstated, however, for estates of those dying after December 31, 2010.  *See* Economic Growth and Tax Relief Reconciliation Act of 2001, Pub. L. No. 107-16, §§ 521(d), 901(a)(1).

No. 09-60092

## B.  Factual Background

Mary Artall died in November 2001.  Before her death, she and her husband, Joseph Artall, who predeceased her in 1998, operated a family farm. They had three children: two sons, Ralph and Jasper, and a daughter Betty Jo. Betty Jo married and moved to Texas; Ralph and Jasper worked the farm with their parents.

The ownership of the Artall farm was structured as follows:  In 1976, Joseph created a corporation to hold the farm's land, which he called Petite Prairie, Inc. ("Petite Prairie").  At Mary's death in 2001, Petite Prairie had 5,000 Class A and 50,000 Class B shares outstanding.  The Class A shares were divided equally among Jasper, Ralph, and Betty Jo.  The children also owned most of the Class B shares equally among them, though Mary held 862 shares.

Petite Prairie held the farm's land but not other assets such as livestock, equipment, and supplies.  In early 2001, before Mary died, the family formed Artall Farms, LLC ("Artall Farms"), to hold those other assets.  The two brothers bought out Betty Jo's share, so that the ownership of Artall Farms was 50% to Mary and 25% each to Jasper and Ralph.

At the outset, Artall Farms had little cash on hand.  It was understood, however, that Mary would lend cash from her personally-held funds to Artall Farms for operating purposes.  In the first half of 2001, she made eight unsecured loans to Artall Farms totaling $343,000.

After Mary's death in November 2001, the Artall children, who were co-executors of the estate, submitted her estate tax return.  They treated Mary's Petite Prairie stock, her 50% membership in Artall Farms, her loans and interest receivable from Artall Farms, and some individually-owned farm trucks as QFOBI's whose value was $608,327.  Because that amount was greater than 50% of Mary's adjusted gross estate, the Artall children claimed a QFOBI deduction, under § 2057, of $608,327.

No. 09-60092

On audit, the IRS disallowed the deduction, reasoning that Mary's loans receivable from Artall Farms, the interest on those loans, and her individually-owned farm trucks were not QFOBI's. The IRS later reversed its position on the trucks but maintained that the loans receivable and accompanying interest were not the sort of "interests" deductible under § 2057. After the loans receivable and interest were subtracted, the value of the estate's QFOBI's fell below the 50% liquidity threshold. The IRS added $608,327 back to Mary's taxable estate and assessed a tax deficiency of $247,101.[2]

The Artalls petitioned the United States Tax Court to reinstate the QFOBI deduction. The Tax Court adopted its reasoning from a recent, similar case, *Estate of Farnam v. Commissioner*, 130 T.C. No. 2 (2008), and ruled for the IRS, holding that QFOBI "interests" in § 2057 refer only to equity or ownership interests. The Artalls appeal. In the time since they filed their appeal, the Eighth Circuit affirmed the Tax Court's earlier decision, in *Estate of Farnam v. Comm'r*, 583 F.3d 581 (8th Cir. 2009).

II.

We review issues of law from the Tax Court *de novo*, such as, here, whether the "interest" in § 2057 means only an equity or ownership interest or instead includes at least some kinds of debt interest. *Dresser Indus., Inc. v. Comm'r*, 911 F.2d 1128, 1132 (5th Cir. 1990). Section 2057(f)(1)(B) allows the IRS to "recapture" the tax savings, plus interest, of a QFOBI deduction, if "the qualified heir [who benefited from the deduction] disposes of any portion of a qualified family-owned business interest" within ten years of the decedent's death. Structurally, this recapture provision suggests that Congress intended only straightforward equity or ownership interests to be included in the QFOBI deduction. Debt

---

[2] The deficiency was later reduced to $184,755 for reasons unrelated to this case.

interests, like Mary Artall's loans receivable, are designed to be disposed of as the debtor repays the lender. It would be strange for Congress to open the QFOBI deduction to a class of "interests" that would then require the beneficiary to repay the tax savings plus interest. We infer, therefore, that for the purposes of § 2057, an "interest" refers to the narrower meaning, which is equity or ownership interests.

The Artalls dispute that an estate's disposition of debts receivable would create this conundrum, because legislative history and a non-precedential private letter ruling from the IRS suggest that dispositions of certain equity assets in the ordinary course of business do not trigger the recapture provision.[3] To the extent that we would rely on those authorities, we find it noteworthy that Congress and the IRS address only the disposition of equity assets. Our conclusion, therefore, based on the statute, remains that "interest" in § 2057 means equity or ownership interest.

Our interpretation is consistent with the congressional policy behind § 2057. The QFOBI deduction was created to avoid the necessity of selling a family business or farm to pay estate taxes. Unlike the sale of equity interests, disposing of debt interests does not affect the ownership of a business. We recognize that there may not be a secondary market for private, unsecured debt interests such as Mary Artall's. Nevertheless, businesses have a number of options when structuring their financing, including equity contributions and outside lending, which might avoid this difficulty.

---

[3] *See* STAFF OF THE JOINT COMMITTEE ON TAXATION, 105TH CONG., GENERAL EXPLANATION OF TAX LEGISLATION ENACTED IN 1997, at 70 (J. Comm. Print 1997) (stating that for the purposes of the recapture provision, "a sale or disposition, in the ordinary course of business, of assets such as inventory or a piece of equipment used in the business (e.g. the sale of crops or a tractor) does not constitute a disposition of [a QFOBI]"); I.R.S. Priv. Ltr. Rul. 200246024 (Aug. 14, 2002) (determining that the recapture provision of § 2057 would not apply to an heir's disposition of QFOBI corporate shares through a statutory merger, where the qualifying heirs would retain complete ownership of the remaining corporation).

No. 09-60092

The Artalls advance a number of arguments why the word "interest" in § 2057 should be understood to include debt interests.  None of them is availing. At the outset, the Artalls contend that because the IRS reversed its position and allowed Mary Artall's personally-owned farm trucks to count as QFOBI's, it effectively conceded that her personally-held debts receivable should count as QFOBI's as well.  The IRS is free, however, to make whatever concessions it chooses in settlement, and its reasons for doing so are not before this court.  We recognize that "[t]he settlement process embraces more considerations than the merit of the legal issues that are finally selected for litigation."  *Kilroy v. Commissioner*, 32 T.C.M. (CCH) 27 (1973).

The Artalls draw our attention to I.R.C. §§ 385 and 752.  The former provision authorizes the Treasury to "prescribe such regulations as may be necessary or appropriate to determine whether an interest in a corporation is to be treated for purposes of the [Tax Code] as stock or indebtedness."  The latter provision would recognize a loan to a partnership as an increased stake in that partnership for tax purposes.[4]  Neither section addresses how we should understand the specific term of art, "qualified family-owned business interest."  The Artalls' citation of the general definition of "interest" in *Black's Law Dictionary* is unhelpful for the same reason.[5]

The Artalls also draw upon the legislative history of the predecessor statute to § 2057, which defines a QFOBI, in pertinent part, as "any interest in a trade or business (regardless of the form in which it is held)."  H.R. REP. No. 105-

---

[4] "Any increase in a partner's share of the liabilities of a partnership, or any increase in a partner's individual liabilities by reason of the assumption by such partner of partnership liabilities, shall be considered as a contribution of money by such partner to the partnership." I.R.C. § 752(a).

[5] "Interest.  The most general term that can be employed to denote a right, claim, title, or legal share in something . . . any right in the nature of property, but less than title." BLACK'S LAW DICTIONARY 812 (6th ed. 1991).

No. 09-60092

220, at 396 (1997) (Conf. Rep.).  The parties dispute whether the parenthetical clause refers to a broad category of *interests* that can be QFOBI's, or to a broad category of *business forms* in which estates can hold those interests.  We place little interpretive reliance on ambiguous legislative history.

Finally, and most importantly, the Artalls argue from the text of the statute.  Section 2057(e)(2)(B) limits the scope of interests that may be considered QFOBIs:  "[S]uch term shall not include . . . any interest in an entity, if the stock or debt of such entity . . . was readily tradeable on an established securities market or secondary market at any time within three years of the date of decedent's death."  The Artalls reason that the phrases "any interest" and "stock or debt" show that § 2057 contemplates QFOBI' to include debt interests.

This is a faulty reading.  "[A]ny interest" is part of the larger phrase, "shall *not* include any interest in an entity."  This is a *limiting* clause, whose parameters are given in the conditional clause that follows: "if the stock or debt of such entity was readily tradeable on an established securities market."  In other words, "any interest" does not tell us that a QFOBI can be any kind of interest, be it debt or equity; rather, "any interest" is a grammatical gateway to telling us what a QFOBI *cannot* be.

Likewise, the phrase "stock or debt," needs to be read in context.  The conditional clause in which it is located describes features of a *company*, interests in which cannot be QFOBI's.  The clause does not tell us anything about which kinds of *interests* can be QFOBI's.

In summary, the "qualified family-owned business interest" deduction of § 2057 is available for an estate's qualifying equity or ownership interests but not for debt interests such as loans receivable.  The decision of the Tax Court is AFFIRMED.

7